**FILED**

**NOT FOR PUBLICATION**

**OCT 18 2006**

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff - Appellee,<br><br>     v.<br><br>DANIEL PAHIA,<br><br>          Defendant - Appellant. | No. 05-10616<br><br>D.C. No. CR-05-00126-SOM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Submitted October 16, 2006[**]

Before:    T.G. NELSON, W. FLETCHER, and RAWLINSON, Circuit Judges.

Daniel Pahia appeals from his 135-month sentence imposed following his guilty-plea conviction for conspiracy to possess five grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we

---

     [*]   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

     [**]   This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

Appellant contends that the district court abused its discretion by delegating its authority to determine whether he had to take a non-treatment drug test and to determine the actual number of non-treatment drug tests to a probation officer, in violation of *United States v. Stephens*, 424 F.3d 876 (9th Cir. 2005). We disagree.

The district court did not delegate its authority, and properly determined the maximum number of tests appellant was subject to, complying with the requirements of *Stephens*. *See id.* at 882-83, 884 n.5.

Appellant also contends that because the oral pronouncement at sentencing conflicts with the written judgment, the oral pronouncement controls and the case should be remanded. However, viewing the sentencing transcript as a whole, the district court's intention is clear. Accordingly, we conclude that the written judgment resolves any ambiguity and should stand. *See Green v. United States*, 447 F.2d 987, 987 (9th Cir. 1971) (per curiam).

**AFFIRMED**.

A TRUE COPY ATTEST 11/9/06
CATHY A. CATTERSON
Clerk of Court
by: Deputy Clerk